# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Tracking of<br>*(Identify the person, property, or object to be tracked )*<br><br>A silver Chevrolet Impala bearing Wisconsin license<br>plate ARF-9505 | )<br>)<br>)<br>)<br>)<br>) |

Case No. 22-1805M(NJ)

## TRACKING WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government shows there is reason to believe that the person, property, or object described above has been involved in and likely will continue to be involved in the criminal activity identified in the application, and ✓ is located in this district;      is not now located in this district, but will be at execution;      the activity in this district relates to domestic or international terrorism;      other:                                                                         .

I find that the affidavit(s), and any recorded testimony, establish probable cause to believe that
*(check the appropriate box)*            using the object      ✓      installing and using a tracking device
to monitor the location of the person, property, or object will satisfy the purpose set out in Fed. R. Crim. P. 41(c) for issuing a warrant.

I find entry into the following vehicle or onto the following private property to be necessary without approval or knowledge of the owner, custodian, or user of the vehicle or property for installing, maintaining, and removing the tracking device:

**YOU ARE COMMANDED** to execute this warrant and begin using the object or installing the tracking device within ten days from the date of this order and may continue use for 45 days. The tracking may occur within this district or another district.  To install, maintain, or remove the device, you may enter *(check boxes as appropriate)*

✓ into the vehicle described above            onto the private property described above

in the daytime only *(i.e., 6:00 a.m. to 10:00 p.m.)*.      at any time of day or night because good cause has been established.

Within 10 calendar days after the use of the tracking device has ended, the officer executing this warrant must both return it to United States Magistrate Judge *(name)*            Hon. Nancy Joseph            and — unless delayed notice is authorized below — serve a copy of the warrant on the person who, or whose property or object, was tracked.

I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property or object, will be tracked *(check the appropriate box)*            ✓ for _90_ days *(not to exceed 30)*

until, the facts justifying, the later specific date of  February 6, 2023  .

Date and time issued: 11/8/2022 @1:00 p.m.                                                  
                                                                    *Judge's signature*

City and state:            Milwaukee, Wisconsin                  Hon. Nancy Joseph, U.S. Magistrate Judge
                                                                    *Printed name and title*

Case No.

## Return of Tracking Warrant With Installation

1. Date and time tracking device installed: _____

2. Dates and times tracking device maintained: _____

3. Date and time tracking device removed: _____

4. The tracking device was used from *(date and time)*: _____

   to *(date and time)*: _____.

## Return of Tracking Warrant Without Installation

1. Date warrant executed: _____

2. The tracking information was obtained from *(date and time)*: _____

   to *(date and time)*: _____.

## Certification

I declare under the penalty of perjury that this return is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

*Subscribed, sworn to, and returned before me this date:*

_____          Date:_____

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Wisconsin

In the Matter of the Tracking of
*(Identify the person to be tracked or describe
the object or property to be used for tracking)*
A silver Chevrolet Impala bearing Wisconsin license
plate ARF-9505

)
)
)
)
)
)

Case No. 22-1805M(NJ)

## APPLICATION FOR A TRACKING WARRANT

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of __18__ U.S.C. § 371,511,2312 . Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location. The application is based on the facts set forth on the attached sheet.

- ☑ The person, property, or object is located in this district.
- ☐ The person, property, or object is not now located in this district, but will be at the time of execution.

- ☐ The activity in this district relates to domestic or international terrorism.
- ☐ Other:

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c): *(check one or more)*

- ☑ evidence of a crime;

- ☑ property designed for use, intended for use, or used in committing a crime;

- ☐ contraband, fruits of crime, or other items illegally possessed;

- ☐ a person to be arrested or a person who is unlawfully restrained.

☐ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:

☑ Delayed notice of _90_ days (give exact ending date if more than 30 days: February 6, 2023) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

11/7/22

_____
*Applicant's signature*

Shane Hoffman, Special Agent (FBI)
*Applicant's printed name and title*

Sworn to before me and signed in my presence.

Date: 11/8/2022

City and state:  Milwaukee, Wisconsin

_____
*Judge's signature*

Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
## APPLICATIONS FOR SEARCH WARRANTS

I, Shane Hoffmann, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.       I make this affidavit in support of applications under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117 to authorize the installation and monitoring of a tracking device on a 2014 silver Chevrolet Impala bearing license plate ARF-9505 ("SUBJECT VEHICLE"). Based on the facts set forth in this affidavit, I believe that the SUBJECT VEHICLE is presently being used in furtherance of violations 18 U.S.C. §§ 371 (conspiracy), 511 (altering or removing motor vehicle identification numbers), and 2312 (interstate transportation of stolen vehicles), and that there is probable cause to believe that the installation of a tracking device on the SUBJECT VEHICLE and use of the tracking device will lead to evidence, fruits, and instrumentalities of the aforementioned crimes as well as to the identification of individuals who are engaged in the commission of those and related crimes.

2.       I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been so employed since September 2015.  I am currently assigned to the Milwaukee Division – Madison Resident Agency. Since becoming a Special Agent, I received specialized training in conducting criminal investigations, and my responsibilities include conducting investigations of alleged criminal violations of federal statutes and laws.  I have participated in the execution of search warrants in various judicial districts, including the recovery of records, contraband, and other types of property. I also have experience installing and monitoring GPS tracking devices, and analyzing the data collected from those devices for use in federal criminal investigations.

3.        The facts in this affidavit come from my personal observations, my training and experience, my review of documents, and information obtained from other agents and witnesses.

1

This affidavit is intended to show merely that there is probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that DIAUNTE D. SHIELDS (DOB: 02/18/1995), and others known and unknown, have committed violations of 18 U.S.C. §§ 371 (conspiracy), 511 (altering or removing motor vehicle identification numbers), and 2312 (interstate transportation of stolen vehicles). Based on the facts set forth in this affidavit, there is probable cause to believe that violations of those statutes have been committed, are being committed, and will be committed by SHIELDS and others. There is also probable cause to believe that the location of the SUBJECT VEHICLE will constitute evidence of those criminal violations and will lead to the identification of individuals who are engaged in the commission of these offenses.

### DESCRIPTION AND LOCATION OF SUBJECT VEHICLES

5. The 2014 Silver Chevrolet Impala bearing license plate ARF-9505 ("SUBJECT VEHICLE") was most recently observed by agents, on the morning of November 7, 2022, parked on the 1600 block of South 9th Street in Milwaukee, Wisconsin. The Impala is registered to Executive Rent A Car, which is owned by Casha Griffin, whose involvement in the target offenses is described more fully below, and whose registered agent is SHIELDS.

### PROBABLE CAUSE

*Overview*

6. This investigation involves the organized theft and resale of high-end motor vehicles. I know from my training and experience that there is a large amount of money associated with the theft and sale of high-end motor vehicles. I also know that high-end vehicles over the retail price of $50,000 have means of identifying the vehicle other than VIN plates and stickers,

2

such as: hidden VIN stamps, identifying parts numbers, etching on glass windows, and electronic data stored in the vehicle's Electronic Control Unit (ECU). Based on this investigation, I believe that the auto theft ring with which SHIELDS is involved is replacing the stolen vehicles VIN plates and VIN stickers but not changing the hidden identifying features.

*Kenosha County Investigation*

7.      On or around March 10, 2022, a 2018 red Jeep Grand Cherokee Track Hawk, VIN number 1C4RJFN97JC223750, was reported to have been stolen from General Mitchell International Airport, 5300 S. Howell Ave, Milwaukee, Wisconsin 53207. Milwaukee County Sheriff's Office ("MCSO") Detective Matthew Vandertie was assigned to investigate the stolen red Jeep Grand Cherokee, along with the other stolen vehicles. Detective Vandertie has advised me that the vehicles being targeted are high-end Dodge Hellcats, Ram TRX, and Jeep Track Hawks. Detective Vandertie explained that some of the vehicles have been tracked with the on-board vehicle modems to the Kenosha area.

8.      On March 15, 2022, the Wisconsin registration license plates for the 2018 red Jeep Grand Cherokee Track Hawk, VIN number 1C4RJFN97JC223750, were recovered by the Kenosha County Sheriff's Department from Neumiller Woods Park, 8100 12th Street, Somers, Wisconsin.

9.      On March 26, 2022, Kenosha Deputy Brooks responded to the Hawthorn Apartments, 5802 10th Place, Kenosha, Wisconsin (about 1.5 miles from where the Jeep Grand Cherokee plates were found) for a complaint of a suspicious new black Ram TRX parked backed into the same parking spot for several days with a broken window. Upon Deputy Brooks' arrival, the black Ram TRX was gone. Deputy Brooks contacted the caller who reported seeing a black male in a white Ford Transit Van displaying license plate D14971H parked alongside the black

3

Ram TRX. The caller reported a second male inside the black Ram TRX. The two vehicles left together in the same direction. Deputy Brooks conducted an area canvas of the apartments located around where the black Ram TRX was parked. None of the residents knew who the black Ram TRX belonged to.

10. During the search for the Black TRX, Deputy Brooks located a white Ford Transit Van displaying Alabama registration plate D14971H parked several units over from where the black Ram TRX was parked. Deputy Brooks observed the Ford van leave. Deputy Brooks conducted a traffic stop on the Ford van and contacted the driver who identified himself via Wisconsin photo driver's license as DIAUNTE D. SHIELDS.

11. Deputy Brooks spoke with SHIELDS regarding the black Ram TRX and the broken window. SHIELDS said that he was visiting his girlfriend, CASHA T. GRIFFIN, who resides at 1050 58th Court, Unit 103, Kenosha, Wisconsin. SHIELDS denied that he knew anything about the black Ram TRX. Deputy Brooks obtained a phone number for SHIELDS, (773) 690-8469. SHIELDS was released.

12. On March 28, 2022, Kenosha Detectives Becker and Castillo responded to the Hawthorn Apartments. Becker observed a white Ford Transit van backed into a visitor parking spot along the east side of 1050 58th Court. The Ford Transit van did not display a front registration plate. Along the driver's side of the white Ford Transit van was a white BMW 840i backed into a visitor parking stall. The BMW did not display a front registration plate. Becker walked around the white Ford Transit van and white BMW 840i and observed in plain view the registration plate and VIN plate information for the vehicles. The Ford Transit van displayed rear Alabama registration plate (D14971H) and VIN: (1FTYR1ZMOJKB00352). Near the VIN plate on the Ford van Becker observed a receipt from Safe Auto Glass & Body LLC, 5044 South 27th Street,

4

Milwaukee, Wisconsin 53221, on the driver's side on dashboard for window glass for a Ram 1500. The receipt listed the VIN for a black Ram 1500 (1C6SRFU91MN904255). The receipt showed the customer number (773) 946-3995. Detective Becker conducted a search through TLO, a law enforcement information sharing website, on phone number (773) 946-3995. The results of the search showed the number belonged to DIAUNTE D. SHIELDS.

14. Detective Becker contacted Tom Almaghrabi from Safe Auto Glass & Body LLC, who advised that a black male who refused to identify himself but provided telephone number (773) 946-3995 purchased windshield glass for a Ram 1500 on March 28, 2022. The male arrived in a white Ford Transit van. Almaghrabi said that the same male has purchased windshields from him in the past for Dodge Hellcats, Challengers, and Jeep Trackhawks.

14. Detective Becker also conducted a record check through the Wisconsin Department of Transportation on the Alabama registration plate displayed on the white Ford Transit van. The results of the check showed the registration came back to Prospect Motors LLC, 3615 Gray Avenue, Adamsville, Alabama 35005. Contact was made with Prospect Motors who advised that the plate was issued to CASHA T. GRIFFIN to work as a wholesale buyer of vehicles for Prospect Motors out of the Chicago area. CASHA T. GRIFFIN stopped all communication with Prospect Motors after receiving the registration plates and has not gone to any of the vehicle auctions.

15. The white BMW 840i displayed rear Georgia temporary registration plate (S1109239) and VIN: (WBAGV2C08LCD87486). Detective Becker conducted a record check through the Wisconsin Department of Transportation on the displayed VIN (WBAGV2C08LCD87486) on the white BMW 840i. The results showed the vehicle is registered to Executive Rent A Car and CASHA T. GRIFFIN at 1436 Lincoln Street Racine, Wisconsin. Detective Becker conducted a search through Wisconsin Department of Financial Institutions on Executive Rent A

5

Car, which revealed that it was registered on January 31, 2022 by registering agent DIAUNTE D. SHIELDS with an address of 1436 Lincoln Street, Racine, Wisconsin 53402.

16. Detective Becker then contacted the Georgia Bureau of Investigation regarding the Georgia registration S1109239. Detective Becker was advised that the Temporary Operating Permit (TOP) was issued to an out-of-state white 2020 BMW 840i in Fulton County, Georgia. The Georgia Bureau of Investigation had no further information regarding the register.

17. Detective Becker made contact with Special Agent Todd Heinz from the National Insurance Crime Bureau ("NICB") and provided him with the vehicle identification information from the white Ford Transit van and white BMW 840i. Special Agent Heinz advised that he conducted a search on the VIN (1 FTYR1ZM0JKB00352) that was displayed on the white Ford Transit van. The results of the check showed the VIN (1FTYR1ZM0JKB00352) was never created by Ford Motor Company, indicating that the VIN on the white Ford Transit van is fraudulent and the vehicle is potentially a stolen auto with false VIN plate.

18. Detective Becker conducted a record check on DIAUNTE D. SHIELDS through the Kenosha County Joint Services. The results of the check show DIAUNTE D. SHIELDS's last listed address with the Wisconsin Department of Transportation at 8920 83rd Street, Pleasant Prairie, Wisconsin, which is the same address listed for the black BMW X6. The record also indicated DIAUNTE D. SHIELDS was arrested on January 5, 2021 in Glendale, Missouri for attempting to steal an automobile.

19. Detective Becker contacted the Glendale Missouri Police Department and requested the police report for SHIELDS's January 2021 arrest. The report indicated SHIELDS was located by Glendale Police at a dealership in Glendale, Missouri with a male identified as Christin D. Edwards, attempting to steal a white Dodge Charger Hellcat. SHIELDS was located

6

with a window punch, Dodge key fobs, and computer equipment needed to reprogram a key fob to gain access to operate a vehicle. At the time of arrest, SHIELDS reported he worked for DAW Logistics LLC. SHIELDS is currently on probation for the Glendale, Missouri charges.

20. On April 26, 2022, the Kenosha County Sheriff's Department executed search warrants for residences and a storage associated to SHIELDS and his family/close associates in the Kenosha, Wisconsin area. Those searches revealed vehicle key fobs and programming equipment, radio frequency equipment, false vehicle titles, vehicle with a false VIN, banking paperwork, and designer clothing and accessories. SHIELDS was charged in Kenosha County Circuit Court under case 2022CF000822 for Money Laundering, Drive or Operator Motor Vehicle without Owner's Consent, Alter Vehicle Identification Number, Counterfeit Certificate of Title, Felon in Possession of Firearm, and Theft – Movable Property – Special Facts. An arrest warrant was issued for SHIELDS on June 17, 2022.

*Milwaukee County Investigation*

21. On March 20, 2022 shortly after 1:00 p.m., the Milwaukee County Sheriff's Office was alerted to a Ram pickup truck (Missouri license plate 8KBJ78; vehicle identification number (VIN) 3C63R3RL5LG219772) leaving the parking structure at the Milwaukee Mitchell International Airport (MMIA), located at 5300 South Howell Avenue in Milwaukee. Around that time, Interflight Parking – the parking services organization at the structure – would notify MCSO when Ram pickup trucks or Jeep Grand Cherokee sport utility vehicles were leaving the parking structure due to the numerous thefts of these types of vehicles from the structure. Approximately 20 vehicles of these types (and one Dodge Durango) were stolen from the MMIA between April 2021 and June 2022.

22. MCSO Deputy D. Scott positioned his squad car in front of the parking lane where

7

the Ram pickup truck was, exited his squad, and observed the rear passenger window broken/missing. This caused Deputy Scott to suspect that the vehicle might be stolen via breaking the window and entering the vehicle, which Deputy Scott has known to occur in the past.

23. Deputy Scott exited his squad, ordered the driver to get out of the vehicle, and the Ram pickup truck attempted to flee, struck another vehicle, and then struck a boulder. The driver exited and fled on foot back into the parking structure. Deputies observed a subject, later identified as Lashawn Davis Jr. (DOB: 05/07/2000), in the parking structure, sweating, breathing heavily, and had gravel and debris on his forearms.

24. The Ram pickup truck owner, later identified as AJL (M/W, 12/2/1981), did not give consent for any individual(s) to take and drive his vehicle from the parking structure.

25. While on scene, Davis stated that he came to the parking structure in a black Jeep. Deputies looked in the parking structure for a vehicle matching this description and located it driving through the structure and exiting. Deputies stopped this vehicle, a Jeep Grand Cherokee sport utility vehicle, black in color, upon it exiting the parking structure. The driver and sole occupant was identified as Amya V. Williams (F/B, 01/12/2001). The VIN displayed at the windshield was 1C4RJFBG2LC954690.

26. According to Wisconsin Department of Transportation (DOT) records, the vehicle was registered as a 2020 Jeep Grand Cherokee sport utility vehicle, black in color, and the registered owner was Williams. However, it was later determined that the VIN plate at the windshield of the Jeep Grand Cherokee sport utility vehicle was a fake VIN. Detective D. Woo photographed a part on the underside of the Jeep Grand Cherokee sport utility vehicle on scene. A check of the part number revealed that it was actually from a vehicle also determined to be stolen from the MMIA parking structure. It was noted during a later search of the Jeep Grand Cherokee

8

sport utility vehicle that VIN 1C4RJFCTXMC584523 was located in a hidden location, in the interior of the vehicle. According to Wisconsin DOT records, the vehicle was actually registered to DJJ (M/W, 11/26/1968), who did not give consent for any individual(s) to take and drive his vehicle from the parking structure. DJJ stated that he parked his vehicle in the parking structure on March 11, 2022. Interflight Parking records show that DJJ's vehicle was removed from the structure on March 13, 2022.

27. During a custodial interview, Davis denied driving the Ram pickup truck but admitted that he was at the parking structure to act as a lookout for "Deandre Littles" for $1500. Davis admitted to arriving at the parking structure in the Jeep Grand Cherokee sport utility vehicle.

28. On March 21, 2022, deputies processed both vehicles for evidence. Inside the Jeep Grand Cherokee sport utility vehicle, they located electronic key programming devices/equipment, numerous vehicle key fobs, center punches (hand tools with a handle/shaft and pointed tip), other VIN stickers, and documents, to include a notebook with handwritten vehicle information. Inside the Ram pickup truck, they located an Advanced Diagnostics brand cable, which is of the same brand as one of the key programmers, and center punch of the same type located in the Jeep Grand Cherokee sport utility vehicle. Deputies also processed both vehicles for fingerprints/deoxyribonucleic acid (DNA) and collected other items.

29. The FBI and the MCSO are aware, based on law enforcement intelligence sharing regarding vehicle thefts, that a current trend with higher value motor vehicle thefts is that the vehicles are stolen by use of key fob programming.

30. On March 31, 2022, United States Secret Service Special Agent Darrin Kimes and MCSO Detective Vandertie executed a search warrant, which was authorized in Milwaukee County Circuit Court by Court Commissioner Barry Phillips, on the two key programmers. While

9

searching the Advanced Diagnostics SMART Pro key programmer, they noted that the username logged in the device was champrob221@icloud.com. Detective Vandertie was further informed by a representative of Advanced Diagnostics that the device's registered owner had a username of "champrob221@icloud.com" under the name "JEVON ROBINSON" of "2223 S AVERS W" in "CHICAGO", "ILLINOIS."

31.    While searching the Advanced Diagnostics SMART Pro key programmer under the "My Previous Vehicles" function, Detective Vandertie noted that the device registered a connection with a 2019-2022 Ram on "2022/03/20 17:56:10" (GMT), which is March 20, 2022 at 12:56:10 CST – only a short time prior to the incident described above. Detective Vandertie also noted that the device registered connections with 2019-2022 and 2020-2022 Rams on January 15, 2022. At least three 2020-2021 Rams were stolen from the MMIA parking structure on or around that date without consent of their owners; the dates and approximate times the vehicles were removed from the parking structure were derived from cellular data from the vehicles.

32.    Detective Vandertie drafted and served numerous search warrants for the cellular records related to vehicle locations; cellular records related to the account listed to Lashawn Davis; the champrob221@icloud.com account, and others. The cellular records indicate that Lashawn Davis moved to/from the airport around the times of numerous vehicle thefts. In addition, latent fingerprint and deoxyribonucleic acid (DNA) evidence implicates Lashawn Davis for vehicle thefts from the MMIA.

33.    A review of the messages from the champrob221@icloud.com account from November 2019 through December 2020 showed extensive conversations about selling vehicles, vehicle sale prices, windows and key fobs, and vehicle titles. A review of the photographs showed numerous photographs of Diaunte D. SHIELDS (M/B, 02/18/1995). Based on this content in the

10

champrob221@icloud.com account, investigators believe SHIELDS either actually owns the account or has some control over it.

34.     Detective Vandertie drafted and served a search warrant for cellular records for telephone number 773-542-4368, which was in contact with Lashawn Davis on vehicle theft dates. The registered user was "mike jones" and the account was effective as of December 22, 2021 and later suspended/expired in March 22, 2022. The call detail records show, among other call records, that this account utilized cellular towers in the area of the MMIA on January 15, 2022, March 9, 2022, and March 13, 2022 around the approximate times of vehicle thefts and then traveled to the Kenosha/Somers area or the area of a known residence for Lashawn Davis following those thefts.

35.     The call detail records for 773-542-4368 also showed that the cellular telephone used for this account was an Apple device. Apple, Inc. subscriber records showed two iCloud accounts registered to this device – devon5578@icloud.com and thekid528000@icloud.com with names of "Devon Robinson," "Jevon Robinson," and "Diaunte Shields" for device registrations or subscribers and transactions in 2021 and 2022. "Diaunte Shields" is listed for both accounts.

36.     Detective Vandertie sought and received a search warrant from Milwaukee County Circuit Court for the content of the accounts devon5578@icloud.com and thekid528000@icloud.com accounts. The warrant returns revealed that the subscriber for both accounts is SHIELDS, with two different addresses in Chicago, Illinois. Both accounts contain photographs depicting SHIELDS. They also contain photos and videos of vehicles, screenshots of web inquiries for VINs, screenshots of contact information for an auto glass store in Milwaukee, and photos of large sums of cash. There is also a photograph of a Certificate of Title from Florida for a 2017 Chevrolet pickup truck recovered during the course of the Kenosha County Sheriff's Department search warrant execution, referenced above.

11

37.     On September 20, 2022, FBI Task Force Officer (TFO) Detective Mason Kohlhapp received a phone call from an unidentified person who called himself "Don." Don provided the following information. Don stated that he knows the people involved with the Milwaukee County Airport car thefts. The people he stated that are involved are a Diaunte SHIELDS, Casha, and Smiley, the cousin of SHIELDS.

38.     The person who identified himself as Don made several follow-up contacts with law enforcement about SHIELDS. Case agents later identified "Don" by name.[1] Don provided more information about SHIELDS's criminal activity, including that SHIELDS had disclosed to Don that SHIELDS made money by trafficking "strikers," aka stolen vehicles, and that SHIELDS used the garage of the property located at 4186 N. 15th Street, Milwaukee, Wisconsin to store stolen vehicles. Don informed case agents that Diaunte Shields, Casha, and Carl Wilson are investors in the property at 4186 N. 15th Street, Milwaukee, Wisconsin, that the property is vacant, and that the property is being renovated for resale.

39.     Case agents conducted a public records check for the property located at 4186 N. 15th Street, Milwaukee, Wisconsin, which showed that the property is owned by CNT Investments LLC, which is registered to Carl Anthony Wilson, 4545 N 42nd Street, Milwaukee, Wisconsin. CNT Investments purchased the property on August 1, 2022 for $90,000. The utilities have been inactive since August 3, 2022. This is all consistent with an investment property that is being renovated for resale. Case agents have also observed activity consistent with renovating the property at 4186 N. 15th Street, Milwaukee, Wisconsin for resale.

40.     On October 18, 2022, law enforcement surveillance teams observed a person

---

[1] Don has criminal convictions for operating a vehicle without owner's consent, criminal damage to property, and drug trafficking.

matching SHIELDS's description at the property located 4186 N. 15th Street, Milwaukee, Wisconsin. He arrived in a 2014 silver Chevy Impala bearing plate ARF-9505 (the SUBJECT VEHICLE). That car is registered to Executive Rent A Car, which is owned by Casha Griffin, and has an address of 1436 Lincoln Street in Racine (where a search warrant had been executed on April 26, 2022 by the Kenosha County Sheriff's Department, described above).

41.     On October 19, 2022, I observed two black males arrive at the property located 4186 N. 15th Street, Milwaukee, Wisconsin in the SUBJECT VEHICLE. They walked into the house, stayed briefly, then went back to the vehicle and left. Because they both had their hoods up, I could not identify either of them.

42.     On October 24, 2022, Don informed law enforcement that SHIELDS was currently storing two vehicles in the garage located 4186 N. 15th Street, Milwaukee, Wisconsin. Case agents conducted an in-person interview with Don. Don informed case agents that he observed two vehicles, which he believed were stolen, including a Dodge Hellcat and a second vehicle with a broken window inside the garage at 4186 N. 15th Street, Milwaukee, Wisconsin on October 24, 2022. Case agents know that Don has had the opportunity to observe 4186 N. 15th Street, Milwaukee, Wisconsin, because case agents have observed Don entering and exiting the premises.

43.     On October 25, 2022, I observed a white BMW 840i sedan bearing plate APS-4364 arrive at the property located 4186 N. 15th Street, Milwaukee, Wisconsin four different times throughout the morning and early afternoon. On one of those occasions, I observed a person matching SHIELDS's description exit the vehicle and enter the house. The BMW is registered to Executive Rent A Car, which is owned by Casha Griffin.

<em>"Sneak and Peek" Warrant</em>

44.     On October 25, 2022, at about 6:20 p.m., a black male, whose appearance is

13

consistent with SHIELDS, exited the white BMW 840i sedan bearing plate APS-4364 and went toward the front door of the residence located 4186 N. 15th Street, Milwaukee, Wisconsin. At about the same time, the SUBJECT VEHICLE arrived at or near the garage via the alley behind the house.

45. At about 6:35 p.m., U.S. Magistrate Judge Stephen C. Dries signed a "sneak and peak" warrant authorizing the search of the garage located behind at 4186 N. 15th Street, Milwaukee, Wisconsin.

46. At about 6:30 p.m., minutes before the warrant was signed, law enforcement observed a Jeep Trail Hawk or Track Hawk leave from the garage. Law enforcement tailed the vehicle to South 27th Street and then lost sight of it. Law enforcement also saw the SUBJECT VEHICLE leave the property via the alley, in tandem with the Jeep Trial Hawk or Track Hawk.

47. At about 7:00 p.m., law enforcement executed the "sneak and peek" warrant at the garage located behind at 4186 N. 15th Street. We discovered one remaining vehicle, a black Dodge Challenger with license plate ARA-9689 and VIN 2C3CDZC91MH659243. An agent from the NICB has confirmed that the visible VIN, 2C3CDZC91MH659243, is fraudulent, and the Challenger's title and registration is also fraudulent.

48. The NICB agent also explained that the Wisconsin title and license plate application for the Challenger was submitted on August 3, 2022, along with a Georgia title that investigators know was one of several titles stolen from the Georgia Department of Revenue.

49. The NICB agent also explained that a search of license plate reader database revealed that the Wisconsin license plate on the Challenger, ARA-9689, was captured in 23 different locations on seven different days between Chicago, Illinois and Modesto, California. The plate was also recorded on the back of a vehicle transport truck on three occasions in August 2022

14

as it traveled west on I-80 through Iowa, Nevada, and California.

<u>*GPS Tracking Warrants*</u>
<u>*BMW with Plate APS-4364 and Challenger with Plate ARA-9689*</u>

50.     Later in the evening on October 25, 2022, around 9:00 p.m., U.S. Magistrate Judge Stephen C. Dries signed two warrants authorizing the placement of GPS tracking devices on the black Dodge Challenger with license plate ARA-9689 that we located in the garage and on the white BMW 840i with license plate APS-4364 that SHIELDS had been observed using.

51.     Since October 25, 2022, case agents and local law enforcement partners have been monitoring the movement of the white BMW and the black Challenger.

52.     On October 28, 2022, the black Challenger was moved from the 4186 N. 15th Street garage to the SmartStop Self Storage facility located at 3420 W. Capitol Drive in Milwaukee. As of the writing of this affidavit, the GPS unit on the Challenger remains in that location.

53.     Since October 25, 2022, the tracking device on the BMW has traveled to storage facilities in the Milwaukee area, including the U-Haul Storage of Riverwest located at 4390 N. Richards Street in Milwaukee and Devon Self Storage located at 2922 S 5th Court in Milwaukee. The tracking device on the BMW also traveled to the Greenwich Park Apartments located at 2353 N Farwell Avenue in Milwaukee, which appears to have underground parking.

54.     The BMW is often parked near a residential building called the Maxwell Lofts, located at 214 E. Florida Street in Milwaukee, where agents believe SHIELDS rents a unit.

<u>*Identification and Location of SUBJECT VEHICLE*</u>

55.     Surveillance efforts since October 25, 2022, have revealed that, in addition to his personal use of the BMW, SHIELDS has also been seen driving the SUBJECT VEHICLE on multiple occasions.

56.	For example, on November 4, 2022, agents observed SHIELDS near the residence of his associate Lashawn Davis in the SUBJECT VEHICLE. SHIELDS then drove in the SUBJECT VEHICLE to 5206 N. Hopkins Street, which appears to be an abandoned garage. Before leaving Davis's residence, agents observed SHIELDS put what they believed to be a long gun case in the trunk of the vehicle.

57.	At the North Hopkins Street garage, SHIELDS left the address driving a red Bronco Raptor, and driving in tandem with the SUBJECT VEHICLE, which was then being driven by another male. On November 7, 2022, an agent from the NICB informed me that the Bronco Raptor was titled in Wisconsin with what the Wisconsin Department of Transportation suspects was a fraudulent Georgia title.  Investigation into the Bronco Raptor's title continues.

58.	On the morning of November 5, 2022, the SUBJECT VEHICLE was seen parked in a public lot located just north of the buildings at 1666 S. 9th Street, which is across the street from 1673 S. 9th Street, the building where agents believe SHIELDS's associate, Lashawn Davis, resides.

59.	On the morning of November 7, 2022, the SUBJECT VEHICLE was seen parked on a public street near 1673 S. 9th Street in Milwaukee.

60.	In order to track the movement of the SUBJECT VEHICLE effectively and to decrease the chance of detection, I seek to place a tracking device in or on the SUBJECT VEHICLE while it is in the Eastern District of Wisconsin. To ensure the safety of the executing officer(s) and to avoid premature disclosure of the investigation, it is requested that the court authorize installation and removal of the tracking device during both daytime and nighttime hours.

## CONCLUSION

61.	Based on the foregoing, I request that the Court issue the proposed search warrant,

pursuant to Federal Rule of Criminal Procedure 41 authorizing periodic monitoring of the tracking device during both daytime and nighttime hours for a period of 45 days following installation of the device. The tracking device may produce signals from inside private garages or other such locations not open to the public or visual surveillance.

62. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117, that authorizes law enforcement, including but not limited to your affiant and technicians assisting in the above-described investigation, to install a tracking device on the SUBJECT VEHICLE within the Eastern District of Wisconsin within 10 days of the issuance of the proposed warrant; to maintain, repair, and/or replace the tracking device as necessary, and to remove the tracking device from the SUBJECT VEHICLE after the use of the tracking device has ended: to install, maintain, and remove the tracking device during both daytime and nighttime hours; and to monitor the tracking devices for a period of 45 days following the issuance of the warrant, including when the tracking devices are inside private garages and other locations not open to the public or visual surveillance, both within and outside the Eastern District of Wisconsin.

63. It is further requested that in the event that the subject vehicle travels outside the territorial jurisdiction of the court, the order authorize the continued monitoring of the electronic tracking device in any jurisdiction within the United States, pursuant to 18 U.S.C. § 3117.

64. In accordance with 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), I further request that the warrant delay notification of the execution of the warrant for 90 days after the end of the authorized period of tracking (including any extensions thereof) because there is reasonable cause to believe that providing immediate notification may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice would seriously jeopardize the

ongoing investigation by prematurely revealing its existence and giving suspects an opportunity to flee from prosecution, destroy or tamper with evidence, intimidate potential witnesses, notify confederates, and change patterns of behavior.

65.     The affidavit submitted in support of this application details the federal government's ongoing investigation into alleged violations of federal law in this district. As detailed in the affidavit, the government believes that Diaunte Shields, Casha Griffin, and others are engaged in a conspiracy to violate the laws of the United States, the interstate transportation of stolen motor vehicles, and altering or removing motor vehicle identification numbers. This investigation is not complete. Disclosure of the search warrant, application, including the supporting affidavit, and notice to the owner or possessor of the SUBJECT VEHICLE would prejudice the government's ongoing investigation in this matter, in that it would alert them to law enforcement activity. This could encourage the targets to change their method of operation, making it more difficult for the government to determine the full scope of and participants in their criminal activity. There is good cause for such an order because the warrant relates to a criminal investigation that remains ongoing, non-public, and unknown to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation.

66.     Providing immediate notice to the owner or user of the subject vehicles would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution.  *See* 18 U.S.C. § 3103a(b)(1).  There is reasonable necessity for the use of the technique described above, for the reasons set forth above.  *See* 18 U.S.C. § 3103a(b)(2).